---
Insall  v.  Robson.
---

RICHARD INSALL v. JOHN H. ROBSON AND ANOTHER.

Where the maker of a note is notoriously insolvent, it is not necessary to sue him, to the first Term of the Court or &c., in order to fix the liability of an assignor or indorser ; in such  cases, the indorser is  primarily liable ; nor can he object that suit was not brought against himself to the first Term of the Court.

It is no objection to the liability of an indorser or assignor of a note, that it was indorsed or assigned after maturity, or that it was payable to the payee or bearer.

Error from  Colorado.   Tried before the Hon. Nelson H. Munger.

Suit commenced June 16th, 1853, against Archibald Mc- Neill, John H. Robson and Charles L. Muckleroy, by the plaintiff in error, on a promissory note, dated February 20th, 1852, of McNeill, payable to Robert Robson, or bearer, one day after date ; transferred by delivery to John H. Robson ; assigned in part by the latter to Muckleroy ; and on the 7th of October, 1852, endorsed by John H. Robson and Muckleroy to the plaintiff. The petition alleged that suit was not brought against McNeill heretofore, because he was, at the time of said endorsement and ever since, notoriously insolvent.   The de-

murrer of Robson and Muckleroy, to the petition, on the ground that the plaintiff had not used due diligence in bringing suit against McNeill, was sustained, and the suit dismissed as to them ; and judgment against McNeill.

*G. W. Smith*, for plaintiff in error.

*J. H. Robson*, for defendants in error.

WHEELER, J.   By the provision of the 6th Section of the " Act to dispense with the necessity of protesting negotiable instruments," &c., the assignor, or indorser, may be sued without the necessity of previously sueing the drawer or maker, when he is " notoriously insolvent." If the insolvency of the maker will dispense with the necessity of sueing him at all, in order to hold the indorser liable, it, of course, must dispense with the necessity of sueing him to the first Term of the Court. It is the sueing of the maker which fixes the liability of the indorser, under the statute ; and where that is unnecessary, it cannot be necessary to sue the indorser himself to the first Term, in order to fix his liability. The diligence prescribed by the statute, as a substitute for that required by the law merchant, is the sueing of the maker, not the indorser. (Hart. Dig. Art. 2520, 2528.) The statute does not require that the indorser shall be sued to the first Term of the Court. The fact of the maker's insolvency renders the indorser liable at once ; and if his liability is fixed, so that he may be sued in the first instance, without sueing the maker, the omission to sue to the first Term is an indulgence to him, of which he cannot complain. He cannot object that he was not himself sued as soon as he might have been. Nor can he complain that the maker was unnecessarily joined in the suit. He will be entitled to the benefit of the judgment against the maker ; if anything can be made of it. If not, the most that he can ask will be, that the suit against the maker be dismissed and the costs so needlessly occasioned be taxed to the plaintiff.

We are of opinion that the Court erred in sustaining the demurrer and dismissing the case as to the defendants in error; and that the judgment be therefore reversed and the cause remanded.

Reversed and remanded.