WOOD, PINSON & HANKS V. JAMES L. McMEANS, EXECUTOR.

The diligence prescribed by the statute, to fix the liability of the drawer of a draft, or bill, is substituted for that required by the law merchant; and when, by that, the drawer is not entitled to notice of the dishonor of the bill, the statutory diligence need not be observed.

The drawer is not entitled to notice, when he has no funds in the hands of the drawee, or reasonable ground to expect that his bill will be accepted.

When the drawee refuses to accept, the drawer is immediately and primarily liable for the payment of the draft; and it is not necessary to sue him, in order to fix his liability.

Where the plaintiff has averred and proved, that the defendant (the drawer) had no funds in the hands of the drawee, the burden of proof is upon him, if such be the case, to show, that he had reasonable ground to expect that his draft would be accepted.

When the plaintiff is excused from diligence to fix the liability of the drawer, no delay, short of the period prescribed by the statute of limitations, will defeat his right of action.

Where a draft is presented within a reasonable time, the statute does not commence to run, until its payment is refused by the drawee.

Where an estate is being settled without proceedings in the Probate Court, (Hart. Dig., Art. 1219,) a creditor should cite the heirs and distributees, to give bond for the payment of the debts; and, if this be done, he should bring suit upon the bond, or against the parties in possession of the estate; but he cannot maintain a suit against the executor.

In such case, it is not necessary to have the claim acknowledged by the executor, or established by suit, before citing the heirs to give bond.

And when a bond is given, as contemplated by the statute, the holder of a claim against the estate is not required to present it to the executor for allowance.

ERROR from Anderson. Tried below before the Hon. Reuben A. Reeves.

This was a suit by the plaintiffs in error against the defendant in error, as the executor of Lacy W. Dalton, deceased, commenced April 5th, 1858, on a draft, drawn in their favor by the said Dalton, on Fitzhugh Ward, on the 11th day of February, 1854; by which Ward was requested to pay to the plaintiffs $156.72, with interest from date, out of the proceeds of his (Dalton's) cotton, when sold. This draft was presented to Ward for payment, on the 1st of May, 1854, and payment was by him refused.

It was averred, on behalf of the plaintiffs, and proved upon the trial, that at the date of the draft, and at the date of its presentation, Dalton had no funds in Ward's hands; but that previous advances more than covered all the proceeds of his cotton, shipped through Ward.

It was also averred and proved, by the plaintiffs, that the said draft had been verified by the affidavit of one of the plaintiffs, as a valid claim against the estate of Dalton, as required by the statute, (O. & W. Dig., Art. 757,) on the 21st of April, 1857, and had been presented to the defendant for his acceptance, "some month or two before the commencement of the suit," and rejected by him.

The defendant answered, (among other things,) that suit had not been brought at the next succeeding court after the presentation and refusal of payment of the said draft, by Ward; nor was the same protested, and notice thereof given, so as to

hold the drawer responsible. That neither the defendant, nor his testator, had notice of the non-payment of the draft, until more than three years after the refusal to pay it by Ward. The statute of limitations of two and four years. And that by the terms of the will, under which he was acting as executor, it was provided, that the Probate Court should have no further jurisdiction of the estate of his testator, than the probating of the will, and the return of an inventory of the estate, which had been done. This part of his answer was fully sustained by the testimony.

A jury was waived, and the cause submitted to the court, who gave judgment for the defendant, from which the plaintiffs prosecuted their writ of error.

*John E. Cravens,* for the plaintiffs in error.

*E. H. Horrell,* for the defendant in error.—The judgment of the court below was right. The defendant's testator had reason to believe that the drawee had funds in his hands, and that his draft would be accepted and paid. Suit was not brought at the next succeeding term of the court, after its dishonor. There was no protest or notice, nor was there any proof that the defendant's testator had not funds in the hands of the drawee. (See Durrum v. Hendrick, 4 Texas Rep. 495; Cole v. Wintercost, 12 Id. 118.)

If the draft, or order, is not such an instrument as to entitle the party to protest and notice, and is to be regarded merely as evidence of indebtedness, it was barred by the statute of limitations, more than four years having elapsed, from the giving of the order to the commencement of the suit. (Kinney v. Lee, 10 Id. 155.) Due diligence should have been used to collect the draft, or notice of its dishonor given, so as to afford a remedy to the drawer, if his draft had been wrongly dishonored.

But, independent of the foregoing reasons, it is insisted that the defendant was not liable to be sued on the plaintiffs' claim. By provision of his testator's will, the Probate Court was precluded from having, or taking, any control over his estate, and

if the claims against the same are not paid, the remedy of the creditor is pointed out by statute, and is not by suit against the executor. (Hart. Dig., Art. 1219; Hogue, Executor, v. Sims, 9 Texas Rep. 546.)

WHEELER, C. J.—The diligence prescribed by the statute, (Hart. Dig., Art. 2528,) to fix the liability of the drawer of a bill of exchange, or draft, is substituted for the diligence required by the law merchant. Consequently, where, by the law merchant, the drawer was not entitled to notice of the dishonor of the bill, the statutory diligence need not be observed. (Durrum v. Hendrick, 4 Texas Rep. 495.)

The drawer is not entitled to notice, by the law merchant, where he has no funds in the hands of the drawee; and no right to draw, or reasonable ground to expect that the bill will be accepted. Nor can he require that the holder shall observe the statutory diligence, to fix his liability. He is rendered primarily liable, by the fact of having drawn when he had no funds in the hands of the drawee, and no reasonable expectation that his draft would be honored. Where the drawee refuses to accept, the drawer is immediately liable for the payment of the draft. (Hart. Dig., Art. 2530.) He, of course, is the only party against whom suit can be brought to enforce payment. If, having drawn when he had no right to draw, he is primarily liable, it cannot be necessary to sue him, to fix his liability. (Insall v. Robson, 16 Texas Rep. 128; Id. 219.)

It was averred and proved, on the part of the plaintiffs, that the drawee had no funds of the drawer in his hands. If, notwithstanding there were circumstances in the dealings of the parties, which afforded the drawer reasonable ground to expect his draft would be accepted, it was incumbent on him to prove them. (4 Texas Rep. 495; Cole v. Wintercost, 12 Id. 118.) This he failed to do.

The plaintiffs, having shown that they were excused from the use of diligence, to fix the liability of the defendant, no delay, short of the period prescribed by the statute of limitations, would de-

feat their right to call on the latter for payment. There is no cause to conclude the draft was not presented for payment within a reasonable time. The statute, therefore, did not commence to run until payment was refused, and the right of action was not barred at the time of bringing the suit. Neither the want of diligence, nor the statute of limitations, afforded any impediment to the plaintiffs' right of action.

But there is an insuperable obstacle in the way of a recovery by the plaintiffs. The drawer departed this life testate, and by his will, made provision for the settlement of his estate as provided in the 110th section of the act relating to the estates of deceased persons, without proceedings for that purpose in the Probate Court. (Dig., Art. 1219.) It was the right of the plaintiffs to have the heirs and distributees of the estate cited to give bond, and thereupon to enforce payment as provided by the statute. But it does not appear, that any citation or other proceeding was taken, as contemplated by the statute, or that there has been any action of the Probate Court, touching the settlement of the estate. This suit is brought against the executor, and it is clearly settled that, under the provisions of the will and the statute, as interpreted by the decisions of this court, the action cannot be maintained. (Hogue v. Sims, 9 Texas Rep. 546; Carroll v. Carroll, 20 Id. 731, 746, 747.)

It is insisted, for the plaintiffs in error, that it was their right to bring this suit to establish their demand against the estate, before proceeding to enforce payment, as provided by the statute. But this would be needlessly to subject the plaintiffs to the delay, and the estate to the expense of two suits, when one will answer the same purpose. The statute does not provide, nor does it seem to contemplate a suit against the executor, to establish the demand. The judgment would be inoperative, since execution could not issue upon it. It could not bind or affect persons not parties to it; but would be merely nugatory, as suit must still be brought upon the bond, or against those having possession of the estate. Suit cannot be maintained for

the purpose of deciding a mere abstract question, or of obtaining a judgment, which would not conclude the parties in interest.

If bond be given, as the statute contemplates, the holder of a claim is not required to present it to the executor for allowance. The allowance and approval would be of no avail, unless the Probate Court had jurisdiction, for the purpose of administering the estate, so that the claim could be ranked and paid in due course of administration.    As it is not necessary to present it to the executor for allowance, so, neither is it necessary or admissible to sue the executor for its establishment, before proceeding to cite the persons entitled to the estate under the will.    We are of opinion that there is no error in the judgment, and that it be affirmed.

Judgment affirmed.