## J. M. WILLIS V. J. A. BRYAN, ADMINISTRATOR, ETC.

1. In a suit on a note against two defendants, it appears that but one citation issued, and it was returned by the sheriff, "executed by handing defendants a copy of citation and petition," and by amendment a further return was made that "the writ was executed by delivering to the defendants, (naming both of them,) in person, a certified copy of plaintiff's petition and copy of this writ." *Held*, that the service is defective, for the reason that the returns can import proper service on only one of the defendants, and does not show on which one of them it was made.

ERROR from Davis. Tried below before the Hon. H. P. Mabry.

The returns held to be insufficient are stated in the head note.

*J. M. Willis*, in proper person, for plaintiff in error.

No brief for the defendant in error.

WALKER, J.—We find, on inspection of the record in this case, that the service of citation is fatally defective. There were two defendants sued, and it does not appear, either from the original return of the sheriff, or his amendment thereto, that service was properly made on but one of them, and which one it is impossible to tell.

The defendant McAlpine died before judgment, and judgment by default was taken against Willis. Upon the authority of Roberts v. Stockslager, 4 Tex., 307, and Covington v. Burleson, 28 Tex., 368, the judgment must be reversed on error, which is accordingly done, and cause remanded.

Reversed and remanded.