H. L. WATKINS v. P. J. WILLIS & BRO.

(Case No. 1557.)

1. LIMITATION.— Under the statute (R. S., art. 276), which allows three days of grace on all negotiable promissory notes, the debtor is entitled to three entire days after the day fixed for payment. Hence when a suit is brought on the fourth day after the expiration of four years from and after the day fixed for payment, the bar of limitation would not apply.

APPEAL from Galveston. Tried below before the Hon. W. H. Stewart.

The opinion states the case. The charge of the court, which is short, will be found in appellees' brief.

*Fred Barnard*, for appellant.

I. In computing time under limitation, the day of the maturity of the cause of action is always included. The notes sued on were dated March 17, 1877, and due one day after date. Suit was filed March 21, 1881. The court charged the jury that a note dated March 17, 1877, due one day after date, adding three days grace, would have for its last day of grace the 21st of March, 1877, on which last day of grace suit cannot be brought, but could not be brought before the 22d of March, 1877, and that suit would have to be brought within four years, including the 22d of March, 1877. Smith v. Wilson, 15 Tex., 134; 2 Chitty on Contracts, 1229; 15 Mass., 193; 3 Denio, 12; 9 Pick., 491.

II. The cause of action accrued upon the maturity of the notes sued on, and they should have been protested on the third day of grace, and suit could have been brought on the third day of grace. The court charged the jury that the decisions of our supreme court hold that suit cannot be brought on the day when the note becomes due, and that the cause of action does not arise until the expiration of the day specified for the payment of the notes, and it would follow from these decisions that suit could not be brought on the last day of grace. It follows, therefore, that a note dated on the 17th of March, 1877, payable one day after date, adding three days of grace, would have for its last day of grace the 21st day of March, 1877, on which last day of grace suit could not be brought, but could not be brought before the beginning of the 22d day of March, 1877, and suit would have to be brought within four years, and including in the count of time the 22d of March, 1877, up to the time of this suit; and if four years have elapsed from and including the 22d of March, 1877, next before bringing

the suit, the claim would be barred, and the plaintiffs' right of action gone. R. S., art. 3205; Smith v. Wilson, 15 Tex., 134; Story on Promissory Notes, sec. 225; Park v. Page, sec. 268, notes; Farnham v. Fowle, 12 Mass., 8, 9; Shed v. Bret, 1 Pick., 401; N. E. Bank v. Lewis, 2 Pick., 125; City Bank v. Cutter, 3 Pick., 414; Church v. Clarke, 21 Pick., 310.

*Mann & Baker*, for appellees.

Appellant states as first proposition of brief: "In computing time under limitation, the day of the maturity of the cause of action is always included."

Appellees state as counter proposition:

I. The court below so held, and charged that day of maturity was to be included, and that suit had to be brought within four years, and including in the count of time the day the cause of action accrued.

The court charged:

" *Gentlemen :* The statute law of this state entitles all promissory notes to three days of grace, which law enters into and forms a part of the contract, and the decisions of our supreme court hold that a suit cannot be brought on the day when a note becomes due, and that the cause of action does not arise until the expiration of the day specified for the payment of the note, and it would follow from these decisions that suit could not be brought on the last day of grace. It follows, therefore, that a note dated on the 17th of March, 1877, payable one day after date, adding three days of grace, would have for its last day of grace the 21st day of March, 1877, on which last day of grace suit cannot be brought, but could not be brought before the beginning of the 22d day of March, 1877, and suit would have to be brought within four years, and including in the count of time the 22d of March, 1877, up to the time of bringing this suit; and if four years have elapsed from and including the 22d of March, 1877, next before the bringing of the suit, the claim would be barred and the plaintiffs' right of action gone."

II. Suit cannot be brought on the third day of grace, as statute says: "Three days shall be allowed on all bills of exchange and promissory notes assignable or negotiable by law." The notes sued on were payable to order. R. S., art. 276; Campbell v. Lane, 25 Tex. Sup., 95; Moore v. Hollamans, id., 82; Renner v. Bank of Columbia, 9 Wheat., 594, 595; Oothout v. Ballard, 41 Barb., 33; Thomas v. Shoemaker, 6 Watts & Serg., 179.

III. If there is any question as to whether the suit is within four

years from accrual of cause of action, the court will, as to including or extending day of payment, give such construction as will operate most favorably towards sustaining the contract. O'Connor v. Towns, 1 Tex., 107, 112, 113.

West, Associate Justice.— This was a suit brought by the appellees against the appellants on two promissory notes executed March 17, 1877, for ($715) seven hundred and fifteen dollars, each, due one day after date. The suit was filed 21st March, 1881. The only matter to be considered is, were the notes barred by the statute of limitation at the time the suit was brought?

The notes under our statute were entitled to the usual days of grace. Could a suit have been brought on them on the third day of grace, or would such an action have been premature? It may be inferred from the cases of Campbell v. Lane, 25 Tex. Sup., 93; Moore v. Hollamans, 25 Tex. Sup., 82; Oliphant v. Dallas, 15 Tex., 138, and Smith v. Wilson, 15 Tex., 132, that in the computation of time, the day the note matures is excluded.

Judge Roberts, in the case of Campbell v. Lane, illustrated the rule as to computation thus: "A note dated on the 1st day of November, 1857, and payable eleven months after date, was not due, including the three days of grace, until the 4th day of October, 1858."

So here the notes were not due until the 18th day of March, 1877, and then three days must be allowed from that date. These would expire on the 21st of March. On that date the suit was brought. This, we think, was sufficient to defeat the plea of limitation.

The law as to the rules to be applied to the computation of time is neither very satisfactory or certain. It is not safe, perhaps, to lay down a fixed general rule. State v. Asbury, 26 Tex., 83. In many cases the day of the event in a given case must be excluded or included as may be most conducive to the beneficial operation of the act.

The cases in our reports where the subject has been discussed are given below: O'Connor v. Towns, 1 Tex., 107; Burr v. Lewis, 6 Tex., 76; Hill v. Faison, 27 Tex., 428; Hyde v. White, 24 Tex., 143; Dickson v. Burke, 28 Tex., 117.

In Young v. Van Benthuysen, 30 Tex., 768, the case of O'Connor v. Towns is cited and followed.

Since the 11th of January, 1862, it has been and now is the law in this state, that three days of grace shall be allowed on all nego-

tiable promissory notes. R. S., art. 276. We regard this as a legislative announcement that three entire days are meant. R. S., art. 3138. Hence a note would not mature until the expiration of three entire days after the date of payment, and a suit could not be maintained against the maker until after the expiration of these three entire days. The charge of the court was correct.

The judgment is affirmed.

AFFIRMED.

[Opinion delivered February 13, 1883.]