Opinion by
Willson, J.
§ 268. Citation; sufficiency of. The citation summoned the defendants to appear “on the third Monday of July, 1883,” without stating the day of the month, but stated that said time was “the next regular term of said court.” Held, that it sufficiently stated the time, and was in the usual form in this respect. [R. S. art. 1443.]
§ 269. Return on citation; insufficiency of. The return on the citation was as follows: “Came bo hand the 4th day of June, A. D. 1883, at four o’clock P. M., and executed on the 16th day of June, 1883, by delivering to J. A. McDowell, T. C. Rector and G. W. Moore, the within named defendants, in person, a true copy of this writ.” Held, that this was an insufficient return. Each of the defendants was entitled to service of a copy of the citation. [R. S. art. 1219.] 'It does not appear from this return that such service was made, but, on the contrary, it appears that all three of the defendants together, were served with one copy of the citation. [Covingtons v. Burleson, 28 Tex. 368; Willis v. Bryan, 33 Tex. 429.]
§ 270. Days of grace; suit prematurely brought. Our statute provides, that “three days of grace sha;l be allowed on all bills of exchange and promissory notes assignable or negotiable by law.” [R. S. art. 276.] Our supreme court, in construing this statute, have said, that this is a legislative announcement that three entire days are meant, and that a note does not mature until the expiration of three entire days after the date of payment, and that a suit cannot be maintained against the maker until after the expiration of these three entire days. *204 [Watkins v. Willis, 58 Tex. 521.] In this case the suit was upon a negotiable note, which fell due June 1, 1883. The suit was instituted June 4, 1883. Held, that the three days of grace had not expired, and that the suit was prematurely brought.
June 21, 1884.
Reversed and remanded.