THE HAMILTON GIN AND MILL COMPANY V. SINKER, DAVIS & CO.
No. 6073.

1. **Citation—Recitals in Judgment.**—On writ of error it is assigned that the citation is insufficient to support the judgment. No citation is copied into the transcript. The judgment recites that the defendant was duly cited. *Held*, that it is evident from the entire record that the defendant had been cited and the defect in the service is not shown. There is therefore no ground for reversal for want of sufficient service.

2. **Days of Grace.**—Suit was upon four notes secured by mortgage, one of which notes was not due. The notes provided for an attorney fee in case of default in payment and suit. On the day of the rendition of the judgment by amended petition it was alleged that all the notes were due, prayer for judgment upon all, and for stipulated attorney fee. The judgment was rendered on the eighteenth of May, 1886. The last note was payable May 15. *Held:*

1. The note was entitled to days of grace.

2. Consequently that upon rendition of the judgment the last note was not due, and it was error to render judgment for it or for the stipulated attorney fee upon it.

3. A note payable to the payee only is entitled to the days of grace.

4. The maker has the entire day of the last day of grace within which to pay.

ERROR from Dallas. Tried below before Hon. Geo. N. Aldredge. The opinion states the case.

*C. K. Bell*, for plaintiff in error, cited Rev. Stats., art. 1215; Texas Pl. and Prac., secs. 6, 8; Stephenson v. Bassett, 51 Texas, 544; Texas Pl. and Prac., secs. 596, 598; Pendleton v. Colville, 49 Texas, 525; Watkins v. Willis & Bro., 58 Texas, 521.

GAINES, ASSOCIATE JUSTICE.—This suit was instituted March 22, 1886, by defendant in error, as a corporation, to recover of plaintiff in error, also as a corporation, an indebtedness evidenced by four promissory notes, and to forclose a mortgage upon real estate given to secure the indebtedness. There was a judgment by default.

The plaintiff in error assigns as error, first, that the citation is insufficient to support the judgment; but the citation is not copied into the record and the assignment can not therefore be considered. The judgment recites that the defendant was duly cited. If the assignment itself had not shown that a citation had been issued and served, it would have been our duty upon the record before us to reverse the judgment for the want of service. It is, however, evident from the whole record that there has been citation and service, and we will presume that they were lawful, the contrary not having been shown.

The notes sued on were dated on the 15th day of August, 1884, and were payable respectively January 15, 1885, May 15, 1885, November 15, 1885, and May 15, 1886. In the original petition there was a prayer for judgment on the notes and for a sale of the mortgaged property for a

sufficient amount in cash to pay the notes then due and on a credit for
the balance, which was prayed to be appropriated to the satisfaction of
the note not due. The notes stipulated for a payment of attorney fees,
for which a recovery was also prayed. On the 18th of May, 1886, an
amended petition was filed, in which it was alleged that all the notes were
due and in which a judgment was prayed for the amount of all the notes,
including interest and attorney fees, and for a foreclosure of the mort-
gage and the sale of the property to pay the judgment so rendered. On
the day the amended petition was filed a judgment was rendered in ac-
cordance with its prayer, treating all the notes as then due. The decree,
as is proper in cases where the whole indebtedness is due, ordered that in
the event the property did not sell for enough to satisfy the judgment that
the plaintiff should have execution for the balance remaining unpaid.
In this there was error. The last note was expressly payable May 15,
1886, and was entitled to three days of grace. It is true that the notes
described in the petition show that attorney fees were recoverable in the
event they were not paid at maturity, and they do not show whether or
not they were payable either to bearer or to the order of the payee.

As to the effect of a stipulation for the payment of attorney fees in a
promissory note there have been various rulings in the courts of last re-
sort in this country. That the stipulation does not affect the validity of
the note is settled in this court (Miner v. Bank, 53 Texas, 559; Roberts
v. Palmer, 41 Texas, 617); but whether it destroys its negotiability or
not seems not to have been determined with us. The courts of several
of the States have held that it does not, and this appears to us the better
opinion. The agreement to pay the expense of collection in the event
the note is not paid at maturity does not change the fact that the sum to
be paid when due is fixed and unconditional. Costs are always recover-
able when suit has to be brought, and this is a contingent liability. The
stipulation for attorney fees is no more. That this is the better doc-
trine is the opinion of a recent text writer of accepted authority. 1 Dan.
on Neg. Ins., secs. 62 and 62a, and notes, where the authorities are col-
lated. A promissory note which is not payable to the bearer or to the
order of the payee is not in strict legal language negotiable; but it is said
by Judge Story that "a note not negotiable enjoys by our law all the
privileges of a note which is negotiable so far as the maker and payee are
concerned." Story's Prom. Notes, sec. 41. And in England at an early
day it was expressly held that a note payable to the payee only is entitled
to the three days of grace. Smith v. Kendall, 6 Term Reports, 124; see
also The Dutchess, etc., v. Davis, 14 John., 238; The Goshen, etc., Road
v. Horton, 9 John., 217; Denning v. Bochanstors, 2 Carnes, 137.

We think this should be accepted as to the common law doctrine. The
decision in Brown v. Chancellor, 61 Texas, 437, is to the effect that the
object of the Act of 1862 (Rev. Stats., art. 276) was merely to restore the

law merchant as to days of grace upon bills of exchange and promissory notes.

The note in this case, made payable on May 15, 1886, being entitled to three days of grace, did not fall due until the 18th of that month—the day on which the judgment was rendered. It is held in Moore v. Hollaman, 25 Texas Supplement, 81, that the payee of a note has all of the day of its maturity in which to pay it, and that he can not be sued upon it until the next day. The same principle is decided in Watkins v. Willis, 58 Texas, 521. It follows that the judgment in this case was prematurely rendered upon the last note. In so far as it awarded a recovery for the amount of that note and execution for any part of that amount it is erroneous. It is erroneous also in so far as it included the attorney fees on that note, because the condition upon which that liability was to accrue had not happened when the judgment was rendered.

We have discussed the notes upon which the judgment was rendered as shown by the allegations in the petition. There are copies of notes found in the record which are not made a part of a statement of facts or of any bill of exceptions. They show clearly that the notes were negotiable, but we have not felt at liberty to look to them.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 17, 1889.