## J. P. CRUGER v. LOUIS LINDHEIM ET AL.

### (No. 6430.)

APPEAL from Kinney County. Opinion by WILLSON, J.

SOLON STEWART, counsel for appellant.

JONES & JONES and J. L. MARTIN, counsel for appellees.

§ **96.** *Negotiable instruments; protest of; if premature, is nugatory; indorser; failure to duly protest and notify will discharge from liability, when.* This is a suit by appellees against J. W. Cudd as the maker, and appellant, Cruger, as the indorser, of a negotiable promissory note, to recover the amount due upon said note, to wit, $553.12½ and interest. Said note was executed for the purchase-money of land, and retained the vendor's lien upon the land. Appellant excepted to the petition upon the ground that it stated no cause of action against him, because it showed that he was an indorser, and that the suit was not instituted against the maker at the first term of the court after the note came due, and that good cause was not shown why it had not been so instituted, and did not show that said note had been legally protested. Appellant's exceptions were overruled, and judgment was rendered against both defendants for the debt and for costs. It was alleged in the petition that the note had been duly protested, and notice of such protest given to the appellant on the 28th day of June, 1887. This was the day on which the note became due by its terms, but in law the note was not due on that day, and not until the expiration of three days thereafter. [R. S., art. 276.] A protest of the note before it was due cannot, therefore, be regarded as valid to fix the liability of the indorser. Such a protest is premature and nugatory.

[1 Daniel, Neg. Inst., § 598.] It is alleged in the petition, however, that appellant was the payee in the note; that it was executed to him by the maker for land; and that appellant reserved in the said note the vendor's lien upon the land to secure the payment of said note; and that said land was ample security, and sufficient to fully indemnify the said indorser. Counsel for appellant contend that, as the indorser at the time of taking said note reserved the vendor's lien upon the land as security, and as said security is full indemnity, said indorsee was not, therefore, entitled to protest and notice, or to have suit instituted against the maker at the first term of the court after said note fell due. We have not been cited to, nor have we been able to find, any decision in this state decisive of this question. In Wood v. McMeans, 23 Tex. 481, it is said: "The diligence prescribed by the statute [R. S., arts. 262, 273] to fix the liability of the drawer of a bill of exchange or draft is substituted for the diligence required by the law merchant. Consequently where, by the law merchant, the drawer was not entitled to notice of the dishonor of the bill, the statutory diligence need not be observed." As to what is the rule of the law merchant in the case before us, there is a conflict in the authorities. Judge Story, in his work on Promissory Notes, cited by counsel for appellant, states the law to be that if the indorser, before or at the time of the maturity of the note, receive full security for the payment of the amount thereof, he is not entitled to protest and notice. [Sec. 281.] But this doctrine is strongly combated by Mr. Daniels in his work on Negotiable Instruments [vol. 2, §§ 1129 et seq.], and he lays down the rule that receiving security by the indorser does not deprive him of the right of protest and notice; and we think this rule is supported by reason and the great weight of authority. We shall therefore adopt and follow the rule last stated. We hold, therefore, that appellees' petition shows no

cause of action against appellant, and that the court erred in overruling the exceptions to said petition, wherefore the judgment is reversed and the cause remanded.

April 26, 1890.            Reversed and remanded.