THE CAREY LOMBARD LUMBER COMPANY v. THE FIRST NATIONAL BANK OF BALLINGER.

No. 73.

**1. Protest on Last Day of Grace.**
In order to fix by protest the liability of an endorser upon a promissory note, the protest should be made on the last day of grace............. 300

**2. Protest—Statutes Construed.**
Articles 273 and 276, Revised Statutes, relating to days of grace and protest, discussed and construed...................................... 301

CERTIFIED QUESTION from Court of Civil Appeals for Third District, in an appeal from Runnels County.

*Powell & Smith*, for appellant.

*Crosson, Spencer & Crosson*, for appellee.

GAINES, ASSOCIATE JUSTICE.—In this case the Court of Civil Appeals certify for our decision the following question:

"In order to fix the liability of an endorser of negotiable paper that carries with it days of grace, must it be protested for payment on the third day of grace or the day immediately following the third day ? In other words, was the protest on the third day of grace, as had in this case, premature ?"

We are of opinion that in order to fix by protest the liability of an endorser upon a promissory note, the protest should be made on the last day of grace. Article 273 of the Revised Statutes provides, in substance, that the holder of any bill of exchange or promissory note may secure and fix the liability of the drawer or endorser of such instrument "by procuring such bill or note to be regularly protested by a notary public for nonacceptance or nonpayment, and giving notice of such protest to such drawer or endorser, according to the usage and custom of merchants." Article 276 simply declares, that "three days of grace shall be allowed on all bills of exchange and promissory notes assignable or negotiable by law." The evident purpose of the former article is to provide for the fixing of the liability of drawers and endorsers of negotiable bills and notes by protest, and to apply the rules of the law merchant as to the time and place of such protest.

Upon the proposition, that by the law merchant the bill or note must be presented for payment on the last day of grace, and that the protest should then be noted, the authorities seem to us to be in entire accord. In the case of the Bank v. Triplett, 1 Peters, 25, Chief Justice Marshall says: "The books which treat on the subject concur in saying that the payment must be demanded when the bill falls due, and that it falls due on the last day of grace."

To the same effect are Osborne v. Moncure, 3 Wendell, 170; Woolley v. Clements, 11 Alabama, 220; Dargan v. Wood, 49 Alabama, 242; Wilson v. Sevier, 14 Wisconsin, 380; Bank v. Duvall, 7 Gill & Johnson, 78; Bank v. Barksdale, 30 Missouri, 563; Bank v. Hodges, 4 Pickering, 420; Renner v. Bank, 9 Wheaton, 582; Mills v. Bank, 11 Wheaton, 431; Adams v. Otterback, 15 Howard, 539; Dennie v. Walker, 7 New Hampshire, 199, and other cases.

The same proposition is asserted by the leading text writers. Chit. on Bills, 463; Story on Prom. Notes, sec. 220; Pars. on Notes and Bills, 395, 401; 1 Dan. on Neg. Inst., secs. 598, 614; Tied. on Com. Paper, sec. 315; 3 Rand. on Com. Paper, secs. 1061, 1088; Edw. on Bills, 511, 517; Benj. Chalm. on Bills, 30, 31, 178, arts. 20, 178; Woods' Byles on Bills and Notes, 210, 211, note 6; 2 Am. and Eng. Encycl. of Law, 401, note 7.

In Watkins v. Willis, 58 Texas, 521, it is said: "Since the 11th of January, 1862, it has been and is now the law of this State, that three days of grace shall be allowed on all negotiable promissory notes. Rev.

Stats., art. 276.   We regard this as a legislative announcement that three entire days are meant.''   Rev. Stats., art. 3138.

The question of the day of presentment and protest was not involved in that case.   The point at issue was, whether or not the suit was barred by limitation.   That depended upon the further question, whether or not the suit could have been brought on the last day of grace, and it was held that an action so brought would have been premature.

Article 276 merely makes the rule of the common law as to days of grace applicable to all bills and notes '' assignable or negotiable by law.'' There is not a word contained in it which indicates an intention to change the law merchant as to the day on which instruments entitled to days of grace should be presented for payment and protest.   By custom in the District of Columbia, the banks at one time allowed until the fourth day after the nominal day of maturity before presentment and protest of bills of exchange.   This was held in Renner v. Bank, in Mills v. Bank, and in Adams v. Otterback, supra, as contrary to the common law rule, but good as a custom; and in all these cases the day of protest by the custom is spoken of as the '' fourth '' day of grace.

Counsel for appellant cite the following cases in support of the contention that a protest on the last day of grace is premature:   Moore v. Hollaman, 25 Texas Supp., 82; Watkins v. Willis, 58 Texas, 523; Hamilton Gin and Mill Co. v. Sinker, 74 Texas, 51; and Crager v. Lindheim, 16 S. W. Rep., 420.   In none of these cases, except the last, was the question of protest involved; and in that it was held, that the note was entitled to three days of grace, and that because it was protested on the day it would have matured had no days of grace been allowed, the protest was untimely and of no effect.   It is merely decided in the other cases cited, that a suit on a promissory note before the expiration of the day it falls due is premature.   In Watkins v. Willis and in Hamilton & Co. v. Senker the notes were entitled to three days of grace.

It is apparent that the question decided in these cases is very different from that which is presented for our determination.   Although it may be held that suit may not be brought upon a promissory note, whether with or without days of grace, until the day after it falls due, it does not follow that it may not be protested for nonpayment on the day it falls due. As to the day of presentment and protest, there seems to be no difference of opinion.   The authorities agree, so far as we have been able to discover, that the presentment for payment should be made on the last day of grace, and the protest should be then '' noted.''   2 Dan. on Neg. Ins., sec. 939.   Notice of the dishonor should be given to the endorser immediately (idem, section 970), or at least within a reasonable time.   But the formal protest—the notarial act—it seems may be extended at any time.   Id., sec. 940.

But upon the question when a suit may be brought upon a bill or note,

there is not only a conflict but a diversity of opinion. In some of the cases it is decided that suit may be brought on the day the paper matures. The author last cited lays this down as the true rule and the one supported by the weight of authority. In one case at least the doctrine is broadly announced, that although demand has been made and payment refused on the last day of grace, suit on that day is premature. Osborne v. Moncure, supra.

It has been held in other cases, that suit can not be brought until the expiration of the last day of grace, though it is probable that in most if not all of them there had been no demand on the day of maturity. Such are the cases in our own courts which have been previously cited. Although we have held that without a demand on the day the note falls due suit can not be brought until the next, it must be regarded as an open question with us whether an action may not be instituted immediately after a demand on the day of maturity and a refusal to pay. The determination of that question is not necessary to the decision of that before us, and we express no opinion upon it.

If we should hold that in no case could an action be brought on the day the paper matures, it would not follow that the liability of an endorser could not be fixed by demand and protest, with the proper notice of dishonor, on the last day of grace. The right of a maker of a note to have all of the day on which the debt matures in which to make payment is not inconsistent with the right of the holder to secure and fix the liability of the endorser by demand or protest on that day. The promise of the maker is to pay on the day of maturity; and that of the endorser is to pay provided the maker refuse upon demand at any time after the opening of business on that day to make payment, and protest be made and notice of the dishonor be given him. If it be to the interest of the maker to have the entire day in which to pay to avoid suit, it is equally to the advantage of endorsers to have the earliest possible notice of the fact that he is not prepared to pay on the first business of that day.

It is ordered, that this opinion be certified to the Court of Civil Appeals for the Third Supreme Judicial District.

Delivered December 21, 1893.