### In re T. H. THOMPSON MILLING CO.

(District Court, W. D. Texas, Austin Division. March 13, 1906.)

No. 78.

BANKRUPTCY—PROVABLE DEBTS—ATTORNEY'S FEE STIPULATED FOR IN NOTE.

An attorney's fee provided for in a note, payable on condition that "default is made in the payment of this note at maturity, and it is placed in the hands of an attorney for collection or suit is brought on the same," is not a "fixed liability" owing at the time of the filing of a petition in bankruptcy against the maker, provable against his estate, under Bankr. Act July 1, 1898, c. 541, § 63a, cl. 1, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3447], where the petition was filed before the note matured, and it is immaterial that the note had been placed in the hands of an attorney.

In Bankruptcy. On review of decision of referee.

It is disclosed by the record that, on May 20, 1904, a petition was filed by certain creditors of the T. H. Thompson Milling Company, seeking to have the latter adjudged bankrupt, and subsequently, on July 9, 1904, an order of adjudication was duly made. The Mechanics' National Bank of St. Louis proved up and presented for allowance two promissory notes, executed by the milling company and payable to the order of the bank, as follows: (1) One note, dated March 21, 1904, payable 60 days after date, for $5,000, and (2) the other dated April 20, 1904, payable 30 days after date, for $2,500. The two notes contained the following stipulation as to the payment of attorney's fees: "And in the event default is made in the payment of this note at maturity and it is placed in the hands of an attorney for collection, or suit is brought on the same, then an additional amount of 10 per cent. on the principal and interest of this note shall be added to the same as collection fees." The referee duly allowed the principal of the two notes as a claim against the estate of the bankrupt, but disallowed the amount of the attorney's fee claimed by the bank. The latter thereupon filed its petition to review the order of the referee, and it devolves upon the court to determine whether the following finding of the referee was correct: "The notes sued on provide that if not paid at maturity and placed in the hands of an attorney for collection, or suit is brought on the same, 10 per cent. additional as attorney's fee shall be added. The notes were placed in the hands of an attorney before the filing of the petition in bankruptcy, but said notes did not mature and become due until after the filing of said petition. It was held that the attorney's fee was not a fixed liability at the time of the filing of the petition and therefore not a provable claim in bankruptcy." It may be observed that, owing to the disqualification of the judge of the Southern district of Texas to try the cause, the same was, by stipulation of counsel, transferred to this district for determination.

Lane, Jackson, Higgins & Wolters, for Mechanics' National Bank.
Sam R. Perryman, for trustee in bankruptcy.

MAXEY, District Judge (after stating the facts). By section 63 of the bankruptcy act of July 1, 1898, c. 541, 30 Stat. 562, it is, among other things, provided:

"Debts which may be proved. Debts of the bankrupt may be proved and allowed against his estate which are (1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not, with any interest thereon which would have been recoverable at that date or with a rebate of interest upon such as were not then payable and did not bear interest." U. S. Comp. St. 1901, p. 3447; Brandenburg on Bankruptcy (3d Ed.) § 1412; Collier on Bankruptcy (4th Ed.) p. 839.

To authorize proof of the claim for attorney's fees, it was then incumbent upon the bank to show that the debt was a fixed liability, absolutely owing at the time the petition was filed against the milling company. The note of March 21st, for $5,000, was payable 60 days after date, and that of April 20th, for $2,500, was payable 30 days after its date. The petition in bankruptcy was filed against the milling company on May 20th. Allowing three days of grace on the notes, it is quite obvious that they did not become due and payable prior to May 22d, and hence they did not mature until after the petition was filed. Brown & Co. v. Chancellor, 61 Tex. 437; Gin & Mill Co. v. Sinker, Davis & Co., 74 Tex. 51, 11 S. W. 1056; Watkins v. Willis & Bro., 58 Tex. 521. The fees were recoverable only upon the happening of the contingency, and the very contingency as to which the parties had contracted. The contingency, within the contemplation of the parties, was default in the payment of the notes at maturity, and placing them in the hands of an attorney for collection, or bringing suit upon them. But no suit was brought to enforce their collection; and, while the record discloses that they were placed in the hands of an attorney for collection before May 20th, it is also shown that they were not, at the date last mentioned, due and payable. It therefore necessarily follows that the claimed indebtedness had not ripened into a fixed liability, absolutely owing at the time the petition in bankruptcy was filed against the milling company. The liability was then contingent, depending upon the failure to pay the principal of the notes at maturity. Hence the fees did not become, within the purview of section 63, a provable debt against the estate of the bankrupt. In re Keeton, Stell & Co. (D. C.) 126 Fed. 426, 429; In re Roche, 101 Fed. 956, 42 C. C. A. 115; Gunby v. Armstrong, 133 Fed. 417, 66 C. C. A. 627. Had the notes in the present case matured and been placed in the hands of an attorney for collection prior to the filing of the petition against the bankrupt, the fees would have become a fixed liability, absolutely owing at that time; and hence would have constituted a debt provable in bankruptcy. Bank v. Thomas, 121 Fed. 306, 57 C. C. A. 374.

In support of their contention, counsel for the bank refer the court to Wolf v. Stix, 99 U. S. 1, 25 L. Ed. 309. The ruling in that case was based upon a statute, altogether unlike, in respect to proof of contingent debts, the present bankruptcy act; the former having plainly authorized the allowance of contingent debts and liabilities against

the bankrupt's estate. Thus, at page 7 of 99 U. S., 25 L. Ed. 309, it was said by the court:

"The debt thus created was provable under the bankrupt act. It was payable upon the happening of an event which might never occur, and was therefore contingent. The bond was in full force when the petition in bankruptcy was filed. The sum to be paid was certain in amount. Whether the event would ever occur which would require the payment was uncertain; but, if it did occur, the amount to be paid was fixed. This clearly is such a case as was provided for, in section 5068, Rev. St., which is that, 'in all cases of contingent debts and contingent liabilities contracted by the bankrupt, * * * the creditor may make claim therefor, and have his claim allowed, with the right to share in the dividends, if the contingency happens before the order for the final dividend.'"

It it also insisted by counsel, employing their own language, that:

"If the bank should be denied the right to collect the attorney's fees so provided, the intention of the contracting parties would be set aside and avoided and without any fault on the part of the payee of the note. Any law of Congress, which would thus impair the obligation of a contract, is in violation of the Constitution of the United States."

The court is of the opinion that the conclusions, deduced by counsel from the assumed hypothesis, are illogical and unsustained by authority. To the contention thus advanced it may be replied: (1) In denying the right of the bank to recover attorney's fees, the court has merely construed the contract of the parties and given effect to their expressed intention. (2) The bankruptcy act, which was of force at the time of the execution of the two notes in question, entered into and formed part of the contract of the parties, as if it had been expressly referred to or incorporated in its terms. Von Hoffman v. City of Guincy, 4 Wall. 535, 18 L. Ed. 403; Walker v. Whitehead, 16 Wall. 314, 21 L. Ed 357. (3) The prohibition against impairing the obligation of contracts, contained in article 1, § 10 of the Constitution, is directed against the states only, and there is no other clause in the Constitution laying a like inhibition upon Congress. Black's Const. Law (2d Ed.) § 270; Desty's Fed. Const. (2d Ed.) p. 124; Mitchell v. Clark, 110 U. S., at page 643, 4 Sup. Ct., at page 175, 28 L. Ed. 279.

It follows, from the views above expressed, that the order of the referee, disallowing the claim for attorney's fees in favor of the petitioner, was correct, and should be affirmed. Ordered accordingly.