ROBINSON v. BELT.

(Court of Civil Appeals of Texas. Amarillo. Oct. 26, 1912. Rehearing Denied Nov. 30, 1912.)

VENDOR AND PURCHASER (§ 277*)—VENDOR'S LIEN—FORECLOSURE—JURISDICTION.

Rev. St. 1895, art. 304, provides that the holder of a note may fix the liability of any indorser, without protest or notice, by suit against the maker at the first term of the district or county court after the right of action accrues, etc.; and article 315 provides that the indorser's liability may be fixed, without suit, by protest and notice. Held, that a suit on a

negotiable vendor's lien note against the payee and indorser, which also sought to foreclose the vendor's lien, was properly brought in the district court, which had exclusive jurisdiction to render judgment, both for the debt and foreclosing the lien, under Const. 1876, art. 5, § 8 (Sayles' Ann. Civ. St. 1897, art. 1098, subd. 4), giving the district court original jurisdiction of all suits for the enforcement of liens on land.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 774, 775; Dec. Dig. § 277.*]

Appeal from District Court, Lubbock County; W. R. Spencer, Judge.

Action by O. C. Belt against Jim Robinson, Jr., and another. From a judgment for plaintiff, defendant named appeals. Affirmed.

Jas. R. Robinson, of Lubbock, for appellant. W. D. Benson, of Lubbock, for appellee.

PRESLER, J. This suit was filed in the district court of Lubbock county, Tex., on the 2d day of November, 1910, by O. C. Belt, as owner, against A. L. Reed, the maker, and appellant, the payee and indorser, of a certain vendor's lien note, dated February 12, 1910, due six months after date, for the sum of $330, interest and attorney's fees. Appellant answered by demurrer and exception, raising the question of his liability by reason of the fact that the note was not protested or suit brought at the first term after maturity at which it could be brought; and, said demurrer and exception having been overruled, the court rendered judgment in favor of appellee for the amount of the debt, as shown by said note, and for foreclosure of the vendor's lien against both defendants, from which judgment appellant duly appeals and here, by proper assignment, contends that the court erred in rendering judgment against him, upon the ground that he was only an indorser, and that the note had not been protested, nor suit brought at the first term after its maturity.

From the findings of fact of the trial court, we find that the note in question matured on the 15th day of August, 1910, and that the first term of the district court of Lubbock county held thereafter met on the 21st day of November, 1910, to which this suit was brought. Also that a regular term of the county court of Lubbock county for civil business was held on the second Monday in October, 1910, which was the first term of said court held after the maturity of said note; and appellant contends that to hold him as indorser on said note the same should have either been protested for nonpayment, or suit brought thereon at the first term of the county court, and in support of said contention cites us to articles 315 and 304, Revised Statutes, and Smith et al. v. Ojerholm et al., 51 S. W. 37, and Cruger v. Lindheim,

16 S. W. 420, which authorities do not, in our opinion, support his contention.

It appears that appellee brought his suit to the first term of the district court of Lubbock county, which court had, under the Constitution and Statutes of this state, exclusive jurisdiction to give appellee the full redress provided by law; that is, both judgment for his debt and foreclosure of his vendor's lien on the land. Article 5, § 8, of the Constitution of 1876; article 1098, subd. 4, Sayles' Texas Civil Statutes; Handel v. Elliott, 60 Tex. 147. While the county court could only have rendered personal judgment for the debt sued on, and had no authority to foreclose the vendor's lien on the land, and as it is the policy of the law to avoid multiplicity of suits, we are of the opinion that the district court is, within the contemplation of article 304, R. S., the proper court in which this character of suit should be brought, and that the judgment appealed from should be in all things affirmed; and it is accordingly so ordered.

GRAHAM, C. J., not sitting.