## In re HARRIS.

(District Court, M. D. Pennsylvania.  May 2, 1921.)

### No. 3804.

1. **Bills and notes ⊜≈534—Stipulated attorney's fee usually allowed.**

The holders of a note, providing allowance for attorney's fee, who employ counsel to enforce collection, are usually allowed the commission stipulated in the instrument, unless it is highly exorbitant for the service rendered; but the agreement of the parties governs, as in all other business transactions.

2. **Bills and notes ⊜≈534—Attorney's fee allowed on amount collected by execution on confessed judgment.**

The holder of a note, which contained a power of attorney to confess judgment, and providing for an attorney's fee, if collected by legal process, is entitled to a fee on so much of the confessed judgment as was collected by sale of property seized on execution issued thereon against one of the makers.

3. **Bills and notes ⊜≈534—Attorney's fee not allowed on amount received from decedent's estate.**

A holder of a note, providing for an attorney's fee if collected by legal process, is not entitled to the fee on so much of the note as was collected by him from the estate of a deceased maker, where it does not appear that such collection was obtained through legal proceedings in which services of an attorney were required.

4. **Bankruptcy ⊜≈316 (2)—Attorney's fee not allowed on amount received from bankrupt's estate.**

A holder of a note, stipulating for an attorney's fee if collected by legal process, is not entitled to such fee on so much of the amount of the note as was allowed as a claim against the estate of the bankrupt maker, since the services of an attorney for such collection were not required, nor had compensation for such services matured before bankruptcy proceedings were instituted.

In Bankruptcy. In the matter of William Harris, bankrupt. On petition by the Miners' Bank of Wilkes-Barre for review of an order of the referee disallowing a portion of its claim. Report referred back to referee, with instructions.

Thos. M. Herbert, of Wilkes-Barre, Pa., for petitioner.
John McGahren, of Wilkes-Barre, Pa., for respondent.

WITMER, District Judge. The Miners' Bank of Wilkes-Barre has brought here for review the order of the referee, disallowing portion of its claim proven, in so far as the same relates to attorney's commission on a note held by the bank against the bankrupt and others.

A promissory note, dated April 27, 1916, for $16,500, with interest at 6 per cent., payable to the bank, was executed and delivered to it by Phillip Harris, Sr., William Harris, and John Reese. The note contained a power of attorney to enter and confess judgment. It also provided allowance for an attorney's fee:

"An attorney's fee of 5 per cent. if collected by legal process."

⊜≈For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

May 6, 1916, judgment was entered on the note by confession in the court of common pleas of Luzerne county. February 5, 1918, $4,800 was paid on account of principal. September 11, 1919, execution was issued and levy made on the real estate of Phillip Harris, Sr., which was afterwards stayed. November 3, 1919, execution was issued and levy made on real estate of John D. Reese, realizing by sale $3,000, which was applied, as follows: Sheriff's costs, $143.40; taxes, $276.55; applied on judgment, $2,580.25. Phillip Harris, Sr., died, and his estate paid on distribution, April 9, 1920, $8,576.90, leaving a balance due on the judgment, exclusive of attorney's fees, $1,521.50. This balance was allowed and awarded to the bank. The contention is that a further sum of $585 is due and should have been allowed on the judgment and on account of the attorney's fees.

[1] Where the holders of a note, providing allowance for attorney's fee, employ counsel to enforce collection, the commission stipulated in the instrument is usually allowed, unless such is highly exorbitant for such services rendered. The agreement of the parties, however, is of importance, and governs, as in all other business transactions.

[2] In the present case it was provided that an allowance of 5 per cent. should be added, if collected by legal proceedings. I take it that by this was meant that, in addition to the amount so collected, 5 per cent. should be added for counsel's services. The amount of $3,000 was enforced by legal proceedings, and for such services the sum of $150 is due and may be added to the judgment.

That the attorney's fee was not incorporated and made part of the judgment on entry or revival is not important here. The fee attached to the judgment in the event of collection by legal proceedings in proportion to the amount collected, and became part of it as costs to which plaintiff is entitled.

[3] Referring to the money obtained from the estate of Phillip Harris, Sr., and credited on the judgment, it may be noted that, since it does not appear that the same was obtained through legal proceedings, in which services by attorney were required, there can be no allowance on account.

[4] As to the balance allowed by the referee out of the bankrupt estate, no allowance is made, because the services of attorney, if any, were not required, nor had compensation for such services matured before bankruptcy proceedings were instituted. In re Gebhard (D. C.) 140 Fed. 571; In re Garlington (D. C.) 115 Fed. 999; In re Keeton, Stell & Co. (D. C.) 126 Fed. 429; In re Milling Co. (D. C.) 16 Am. Bankr. Rep. 456, 144 Fed. 314.

The report is referred back to the referee, to make distribution agreeably, as herein indicated.