Rockingham,
No. 5629.

DONALD R. BRYANT, *Adm'r w/w/a*

*v.*

RAIMOND BOWLES & *a.*

Argued September 7, 1967.
Decided October 31, 1967.

316

*Burns, Bryant, Hinchey & Nadeau* and *Paul R. Cox* ( *Mr. Cox* orally ), for the plaintiff.

*Calderwood, Silverman & Ouelette* and *David S. Sands* ( *Mr. Sands* orally ), for the defendants.

GRIFFITH, J.  On or about May 1, 1957 a group of buyers composed of defendant Bowles and the five others entered into an agreement with Batchelder Oil Company, Inc. and the corporation's owner Harry D. Batchelder. In this agreement Batchelder agreed to sell and the buyers agreed to purchase all of the Batchelder interests in the Batchelder Oil Company, Inc. for $106,000, payable in the following manner: (1) $13,000 in cash on May 1, 1957; (2) a promissory note for $18,800 payable June 1, 1957 with interest at five per cent, and the balance of $74,200 by the promissory notes of Bowles and the others payable on the following dates and in the following amounts, plus interest at five percent payable semiannually: June 1, 1958, $18,200; June 1, 1959, $8,000; June 1, 1960, $8,000; June 1, 1961, $8,000; June 1, 1962, $8,000; June 1, 1963, $8,000; June 1, 1964, $8,000; June 1, 1965, $8,000.

Concurrent with this agreement was an additional agreement

by which Bowles and the others were to purchase from Batchelder certain real estate owned by him situate in Newington and Farmington, New Hampshire, in the amount of $40,000.

On or about June 1, 1958 defendant Bowles and defendant Coleman made an agreement by which Bowles acquired all the stock in the oil company and the other buyers were indemnified against liability on the then outstanding notes. Coleman on July 1, 1958 unconditionally in writing guaranteed payment of the unpaid series of notes, each in the amount of $8,000, payable June 1, 1959 through June 1, 1965.

In 1964 Bowles had fallen behind in his payments on the notes and Mr. Batchelder, who was living at that time, finally placed them in the hands of his attorney, Stanley M. Burns. On April 20, 1966, Burns made a demand of payment in full on the principal, accrued interest and attorneys' fees to be made on or before May 1, 1966, and in a letter dated April 25 Bowles asked for an extension of time. On April 27, 1966 Burns replied denying the request. Coleman, the guarantor, on the day after Bowles' receipt of Burns' denial presented to Burns in his office a cashier's check for $19,950 in full payment of all principal and interest due on the notes as of that date. This tender was refused by Burns on the grounds that the principal and interest tendered was not correct and that the tender did not include $5,063.66 demanded as attorneys' fees. This was on May 2, 1966. On May 10, 1966 writs were brought against both Coleman and Bowles on behalf of Batchelder. Both plaintiff and defendants filed motions for summary judgment with supporting affidavits and counter affidavits. Together with the affidavits have been filed various exhibits both of the notes and computations of payments and interest.

There is no disagreement between the parties in their affidavits as to the total of the amounts that have been paid toward all the notes and the interest on them. There was, however, a dispute between the parties as to whether or not there was due to the plaintiff on the note which was payable June 1, 1957 interest unpaid in the amount of $309.16; and, secondly, whether or not under the terms of the notes the defendants are liable for attorneys' fees. The plaintiff takes the position that the Court was not in a position to decide the case upon motions for summary judgment. An examination of the various affidavits and the exhibits submitted in support of these affidavits discloses that there was no

dispute· on the facts as such, and that in effect the only issues to be determined were ones of law. This type of case lends itself peculiarly to the summary judgment procedure and is within the purpose of the statute. *Community Oil Co.* v. *Welch,* 105 N. H. 320; *Salitan* v. *Tinkham,* 103 N. H. 100; *Nashua Trust Co.* v. *Sardonis,* 101 N. H. 166.

Each of the notes on which action was brought contains the following stipulation. "In the event that legal proceedings be instituted to collect any amount due upon this note, the undersigned agree to pay to the holder hereof, in addition to the amount of the unpaid balance of principal and interest, all costs and expenses of such proceedings, including reasonable attorneys' fees."

Except for the issue relating to attorneys' fees the dispute between the parties as to the amount due relates solely to a $309.16 interest charge, which the plaintiff claims is still due on the note for $18,800 which was payable June 1, 1957. This note was an exhibit in the case, and was in the hands of the defendant Bowles.

The defendants take the position that they are entitled as a matter of law to have the claim of $309.16 interest disallowed on the grounds that the note being in the hands of the maker and being stamped paid no claim can now be made by the plaintiff for interest on such note. If this claim is correct, then at the time of the tender by Mr. Coleman of $19,950 the amount of principal and interest exclusive of any claim for attorneys' fees was $19,820.83.

The Trial Court ruled correctly that the amount of $309.16 in interest could not now be claimed on the note of $18,800 due June 1, 1957. This note was an exhibit produced by the defendant and stamped "Paid, May 31, 1957, New Hampshire National Bank, Portsmouth, N. H." Statutory law makes cancellation or holding by the principal debtor after maturity a discharge of the instrument. R. L., *c.* 366, *s.* 119; RSA 337:119. See RSA 382-A:3-605 ( Uniform Commercial Code ). It follows that the amount of interest and principal due at the time of the tender was $19,820.83 and the tender of $19,950 was sufficient unless the claim for attorneys' fees was a valid one at the time of the tender.

The phrase "legal proceedings be instituted" in the note is to be construed as in any contract since it is not controlled by the negotiable instruments law. *Record* v. *Trust Company,* 89 N. H.

1. The ordinary meaning of the phrase "legal proceedings be instituted" is to begin action in the courts for the collection of the note. Attorneys' fees prior to suit have been denied where the words used were "institute legal proceedings" ( *Gugel* v. *New Orleans Nat. Bank,* 239 Fed. 676 ( 5th Cir. 1917 ), and "legal process." *In re Harris,* 272 Fed. 351 ( D. Pa. 1921 ).

A careful reading of *Rouyer* v. *Miller,* 16 Ind. App. 519, relied upon by the plaintiff fails to disclose the wording of the note but from the language of the decision it is more probable than otherwise that the note attached liability upon the placing of the note in the hands of attorneys for collection.

The Trial Court correctly ruled that plaintiff was not entitled to attorneys fees in this case.

*Exceptions overruled.*

All concurred.