# BENDEY & Wife *v.* TOWNSEND & Another.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF MICHIGAN.

Argued November 13th, 1883.—Decided January 7th, 1884.

*Assignee—Attorney at Law—Fees—Mortgage—Michigan—Statutes—Surety.*

The maker of a promissory note executed, to one who for his accommodation signed his name on the back of the note before its delivery to the payee, a mortgage of real estate to indemnify him against all costs and charges arising from his contract, with a power of sale in case of the mortgagor's default in paying the note. The mortgagor failing to pay the note at maturity, the mortgagee paid the amount thereof to the payee, and entered it upon his books in general account against the mortgagor, and the payee indorsed the amount as a full payment on the note, and delivered up the note to the mortgagee. The mortgagee afterwards assigned to a third person the mortgage and the obligation therein mentioned : *Held*, That the assignee might maintain a bill in equity against the mortgagor for foreclosure and sale of the land under the mortgage, and for payment by the mortgagor personally of so much of the amount of the note as the proceeds of the sale under the foreclosure were insufficient to satisfy.

A stipulation, in a mortgage of real estate, that in case of foreclosure the mortgagor shall pay an attorney's or solicitor's fee of one hundred dollars, is unlawful and void by the law of Michigan, as declared by the Supreme Court of the State ; and therefore cannot be enforced in the Circuit Court of the United States upon a bill in equity to foreclose a mortgage, made and payable in that State, of land therein.

Bill in equity to foreclose a mortgage. The suit was commenced in a State court, and was removed to the Circuit Court of the United States, where a foreclosure and sale were decreed. The defendants below appealed.

*Mr. C. J. Walker* for appellants.

*Mr. W. H. Smith* for appellees.

MR. JUSTICE GRAY delivered the opinion of the court.

This is an appeal by James Bendey and wife from a decree for the foreclosure of a mortgage of land in Michigan, executed by them at Houghton in that State, on April 30th, 1873, to Samuel S. Smith and William Harris; expressed to be made in consideration of the indorsement by Smith and Harris of sev-

eral promissory notes of Bendey, therein described, payable to the order of Thomas W. Edwards, at the First National Bank of Houghton; conditioned that Bendey should pay the notes at maturity, and should save and keep harmless the mortgagees "of and from all costs and charges arising from or on account of said indorsements;" and empowering the mortgagees, in case of default by Bendey in the payment of the notes, or either of them, to sell the land by public auction and convey it to the purchasers, rendering the surplus' money, if any, arising from the sale, to the mortgagors, after deducting the costs and charges of the sale, "and also one hundred dollars as an attorney fee, should any proceedings be taken to foreclose this indenture under the statute, and the same sum as a solicitor's fee, should any proceedings be taken to foreclose the same in chancery."

The other facts appearing by the record are as follows: Smith and Harris, who were partners, signed their partnership name upon the back of the notes before their delivery to Edwards. One of these notes, for $5,000, became payable on May 4th, 1876, and, not being paid by Bendey, was protested for non-payment, and an action was brought thereon by Edwards against Smith and Harris, who, before judgment in that action, paid the amount of the note, with interest. Edwards indorsed the amount as a full payment on the note, and delivered up the note to Smith and Harris; and they entered the amount paid by them upon their books in their general account against Bendey, and afterwards, on September 5th, 1877, assigned the mortgage, and the land therein described, "together with the note or obligation therein also mentioned," to "William Brigham and Amos Townsend, trustees." This assignment was, in fact, made in part payment of debts due from Smith and Harris to firms of which Townsend and Brigham were respectively members.

Townsend and Brigham, who were citizens of Ohio, filed a bill in equity against Bendey and wife, who were citizens of Michigan, in a court of this State, alleging the facts aforesaid, and praying for an account, for the foreclosure of the mortgage by sale of the land, for the payment by Bendey of any balance remain-

ing due to the plaintiff of the principal and interest of the note and mortgage, and for general relief. After the filing of answers and replication, the case was removed, on petition of the defendants, into the Circuit Court of the United States for the Western District of Michigan, and a hearing there had, upon which the facts above stated were proved, and a decree entered that the defendants pay to the plaintiffs the sum of $7,996.59 with interest, together with a solicitor's fee of $100, and that in default of such payment the land be sold by public auction, and conveyed under the direction of a master in chancery, and the proceeds of the sale applied to the payment of these sums, and that, if the proceeds of the sale should be insufficient for such payment, the amount of the deficiency, with interest, should be paid by Bendey to the plaintiff. From this decree the defendants appealed to this court.

The contract into which Smith and Harris entered, by signing their names on the back of the note before its delivery to the payee, though styled in the mortgage an indorsement, was rather, as towards the payee or a subsequent indorsee of the note, that of joint makers with Bendey. *Good* v. *Martin*, 95 U. S. 90; *Rothschild* v. *Grix*, 31 Mich. 150. But, whether their liability in that aspect should be treated as that of promisors, or of guarantors, or of indorsers, it is clear that, having signed their names to the note for the accommodation of Bendey, their relation towards him was that of sureties, and they had the right, upon being obliged to pay the amount of the note on his failure to pay it at maturity, to recover from him the sum so paid. The mortgage, containing a condition to indemnify them against all costs and charges arising from their contract, was security to them for the payment by the mortgagors to them of that sum. The entry, in the regular course of their book-keeping, of the amount so paid in general account against Bendey, did not merge or extinguish the mortgage or the personal liability of Bendey to them. The assignment by them to Townsend and Brigham of the mortgage, together with the obligation therein mentioned, was a valid assignment, in equity at least, of the mortgage, as well as of their claim against Bendey for the repayment of the sum paid by them on

the note. The assignees were therefore rightly held to be entitled to a decree for the foreclosure of the mortgage, and also, under the ninety-second rule in equity, to a decree against Bendey himself for so much of the sum paid by Smith and Harris, with interest, as the money obtained by the sale of the land under the foreclosure should be insufficient to satisfy.

The decree below is therefore right in all respects, except in allowing a solicitor's fee of $100. The land is in Michigan, the notes and mortgage were made and payable in Michigan; and by the law of Michigan, as settled by repeated and uniform decisions of the Supreme Court of that State, a stipulation in a mortgage to pay an attorney's or solicitor's fee of a fixed sum is unlawful and void, and cannot be enforced in a foreclosure, either under the statutes of the State, or by bill in equity. *Bullock* v. *Taylor*, 39 Mich. 137; *Van Marter* v. *McMillan*, 39 Mich. 304; *Myer* v. *Hart*, 40 Mich. 517; *Vosburgh* v. *Lay*, 45 Mich. 455; *Botsford* v. *Botsford.* 49 Mich. 29. Upon such a question, affecting the validity and effect of a contract made and to be performed in Michigan, concerning land in Michigan, the law of the State must govern in proceedings to enforce the contract in a federal court held within the State. *Brine* v. *Insurance Co.*, 96 U. S. 627; *Connecticut Ins. Co.* v. *Cushman*, 108 U. S. 51; *Equator Co.* v. *Hall*, 106 U. S. 86.

The result is, that the decree must be reversed, without costs to either party in this court, and the case remanded to the Circuit Court with directions to enter a decree for the plaintiffs, with costs, modified by striking out the allowance of the solicitor's fee.

*Decree accordingly.*