## In re KEETON, STELL & CO.

(District Court, W. D. Texas, Waco Division. December 22, 1903.)

### No. 403.

1. BILLS AND NOTES — COLLECTION — PROVISIONS FOR ATTORNEY'S FEES — VALIDITY.

Under the laws of Texas, a stipulation in a note for the payment of a reasonable attorney's fee for collection is valid.

2. BANKRUPTCY—CLAIMS—NOTES—ATTORNEY'S FEES.

Where a note of a bankrupt provided for a collection fee of 10 per cent. if suit was brought thereon, or if it was placed in the hands of an attorney for collection, or if collected through the probate court, and, though the note was due prior to the filing of a petition in bankruptcy by the makers, it was not placed in the hands of an attorney until after the filing of such petition, the claim for attorney's fees was not a liability absolutely owing at the time of the filing of the petition, within Bankr. Act July 1, 1898, c. 541, § 63, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3447], and was therefore not provable against the bankrupt's estate.

¶ 1. See Bills and Notes, vol. 7, Cent. Dig. § 221.

In Voluntary Bankruptcy.

The following question has been certified by the referee to the court for decision: "Are the fees stipulated to be paid in a note due before the filing of a petition in bankruptcy, but placed in the hands of an attorney after the filing of the petition in bankruptcy, a claim absolutely owing and payable at the time of filing the petition in bankruptcy, and allowable as a part of such claim?" It appears from the record that on October 5, 1903, Keeton, Stell & Co., the bankrupts above named, filed their voluntary petition in bankruptcy, and on October 28th thereafter Werkheiser & Polk, creditors of the bankrupts, submitted to the referee for allowance their claim as evidenced by a promissory note for $462.40, principal sum, bearing 8 per cent. interest, and stipulating for 10 per cent. collection fees. The claim was originally allowed for the sum of $493.72, which included an attorney's fee of 10 per cent.; but upon reconsideration the referee disallowed the attorney's fees, and entered an order allowing the claim for $448.84, the amount then due and owing. The material facts of the case and the legal conclusions of the referee are embodied in the following findings: "From the agreement of counsel filed herein, the note given by the bankrupts, Keeton, Stell & Co., to Werkheiser & Polk, was due prior to the filing of the petition in bankruptcy herein. That said note was not placed in the hands of an attorney for collection until after the filing of the petition in bankruptcy herein. That the condition for an attorney's fee as stated in the note is as follows: 'Together with 10% for collection fees if suit is brought on this note, or if it is placed in the hands of an attorney for collection, or if collected through the probate court.' (1) I have found that the placing the note in the hands of an attorney was necessary to mature the claim for an attorney's fee; and (2) that, the note not being in the hands of an attorney until after the filing of the petition in bankruptcy, the claim for fees was not a debt due and payable at the time of filing the petition in bankruptcy, in accordance with section 63 of the act of 1898. It was therefore ordered that the allowance of the claim be reconsidered, and that the claim be allowed for the amount of the debt, less the attorney's fee claimed." To the order disallowing the claim for collection fees, Werkheiser & Polk excepted, and duly filed their petition for review.

J. D. Williamson, for the Belknap Hardware & Mfg. Co. and Werkheiser & Polk.

MAXEY, District Judge. That, under the laws of Texas, stipulations for the payment of reasonable attorney's fees are valid and binding, is well settled. In re Roche, 101 Fed. 956, 42 C. C. A. 115, and authorities cited. The only question, therefore, necessary to be considered, is whether, within the purview of the bankruptcy act of 1898, the fees demanded by the attorneys in the present case constituted a claim provable against the estate of the bankrupts. By section 63 of the act (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3447]) it is provided:

"Debts Which may be Proved. Debts of the bankrupt may be proved and allowed against his estate which are (1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition against him, whether then payable or not, with any interest thereon which would have been recoverable at that date or with a rebate of interest upon such as were not then payable and did not bear interest."

Brandenburg on Bankruptcy (3d Ed.) § 1412; Collier on Bankruptcy (4th Ed.) p. 839.

It is thus seen that provable debts are those which are a fixed liability, absolutely owing at the time of the filing of the petition against the bankrupt. The thought of the lawmaker is not clearly expressed

in the language employed, as it was the evident intention of Congress to include in the proof of claims those debts absolutely owing at the time of the filing of the petition either by or against the bankrupt. In the present case the bankrupts filed a voluntary petition, and, to authorize proof of the attorney's fees, they must have been a fixed debt, absolutely owing at the date the petition in bankruptcy was filed. Were the collection fees stipulated to be paid in the Werkheiser & Polk note absolutely owing at that date? The note, as shown by the record, was placed in the hands of attorneys for collection after the petition in bankruptcy was filed. By its terms it provided for the payment of collection fees, "if suit is brought on this note, or if it is placed in the hands of an attorney for collection, or if collected through the probate court." It is not contended that suit has been brought on the note, nor that any attempt has been made to collect it through the probate court. But it is insisted that the contingent liability to pay attorney's fees became fixed and absolute when the note was placed in the hands of the attorney for collection. That is true, or at least true ordinarily (Merchants' Bank v. Thomas, 121 Fed. 306, 57 C. C. A. 374); and the attorney's fees would have been provable as a debt against the estate of the bankrupt, had such liability become absolute prior to the filing of the petition in bankruptcy. But Werkheiser & Polk, as already indicated, did not place the note in the hands of their attorney for collection until after the bankruptcy petition was filed, and by the terms of the act of Congress they are debarred from proving their claim for attorney's fees against the estate of the bankrupts. Judge Meek, of the Northern District of Texas, reached a similar conclusion in the case of In re Garlington (D. C.) 115 Fed. 999. See, also, In re Roche, 101 Fed. 956, 42 C. C. A. 115. It is, however, claimed by counsel that the question before the court has been settled by the Circuit Court of Appeals for this circuit in Merchants' Bank v. Thomas, 121 Fed. 306, 57 C. C. A. 374, in favor of the allowance of attorney's fees. In that case it was ruled that the attorney's fee was provable as a debt against the bankrupt's estate, but a careful analysis of the opinion makes it evident, although not stated ipsissimis verbis by the court, that the five notes therein involved had been placed in the hands of the attorneys, and that they had performed services in endeavoring to collect them, prior to the institution of bankruptcy proceedings. Under similar facts, a like ruling would be made by this court.

It follows from what has been said that the ruling of the referee was correct; and, replying to the question certified by him, the court answers "No."

The order of the referee is affirmed.