## In re KEETON, STELL & CO.

(District Court, W. D. Texas, Waco Division. December 22, 1903.)

### No. 403.

1. BANKRUPTCY—NOTES—ATTORNEY'S FEES—CLAIMS.

 Where a note executed by a bankrupt contained a stipulation for the payment of 10 per cent. attorney's fee if the note was collected by suit, and, though the note was due at the time the bankruptcy petition was filed, it was not placed in the hands of an attorney for collection until after the proceedings were instituted, the claim for attorney's fees was not a fixed liability absolutely owing at the time the petition was filed, under Bankr. Act July 1, 1898, c. 541, § 63, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3447], and was therefore not allowable as a claim against the bankrupt's estate.

In Voluntary Bankruptcy.

J. D. Williamson, for the Belknap Hardware & Mfg. Co. and Werkheiser & Polk.

MAXEY, District Judge. In another branch of this cause (126 Fed. 426) the court has just decided that collection fees stipulated to be paid in a note which matured before the filing of the petition in bankruptcy, but which was not placed in the hands of an attorney for collection until after the institution of the bankruptcy proceedings, could not be proved against the estate of the bankrupts as a debt absolutely owing at the time the petition in bankruptcy was filed. There Werkheiser & Polk presented the claim for allowance. Here it has been submitted by the Belknap Hardware & Manufacturing Company, a creditor of Keeton, Stell & Co. The facts are similar, except as to the names of the creditors, the amounts of the notes, and the stipulations touching the payment of attorney's fees. In the present case the stipulation is as follows: "Agree to pay 10% attorney's fee if this note is collected by suit." The conclusion announced by the court in reference to the stipulation for the payment of attorney's fees contained in the note of Werkheiser & Polk is decisive of the question here presented, and, without further discussion, the question certified by the referee will be answered in the negative.

 The order of the referee rejecting the claim of the Belknap Hardware & Manufacturing Company for attorney's fees is affirmed.