## In re GEBHARD.

(District Court, M. D. Pennsylvania. September 25, 1905.)[1]

### No. 642.

BANKRUPTCY—PROVABLE DEBTS—COLLECTION FEE.

> Where, under the state decisions, as in Pennsylvania, a stipulation for a collection fee in a note is construed as one of indemnity, a fee so stipulated for in a judgment note and in a judgment entered thereon is not provable in bankruptcy against the estate of the debtor as a part of the debt, when no attorney was in fact employed by the creditor until after the bankruptcy.

In Bankruptcy. On certificate from W. W. Fletcher, referee, sur claim of E. M. Biddle, Jr.

Frank B. Sellers, Jr., for claimant.

ARCHBALD, District Judge. The amount involved in this case is small—$9.23—but it must be disposed of with the same care as though it were greater. The question is whether a collection fee, stipulated for in a confession of judgment given by a bankrupt, is provable against his estate along with the principal debt; no attorney having been employed to enforce or collect it until after bankruptcy. On February 3, 1896, the bankrupt gave his promissory note to E. M. Biddle, Jr., the present claimant, for $142, payable April 1, 1897, therewith confessing judgment for the amount named, with interest from January 1, 1896, and "5 per cent. collection fees, if not paid at maturity." On this judgment was entered in the common pleas of Cumberland county, Pa., of No. 267, May term, 1896, by Mr. Biddle, the payee, a member of the bar of that

county, acting in his own behalf, and on January 3, 1905, the judgment was revived by amicable sci. fa. signed by the bankrupt, also entered without the assistance of an attorney, in which judgment was confessed for the real debt, $142, and $42.60 interest, making $184.60, "with 5 per cent. to be added for collection fees"; the latter provision, however, not being figured into the judgment as docketed, but simply noted on the margin. Nothing further appears to have been done in the matter until after April 15, 1905, when the defendant having become a voluntary bankrupt, the claim was placed for the first time in the hands of an attorney for collection, who presented it for allowance at the first meeting of creditors. The referee, while allowing the debt, rejected the attorney fee, holding that the bankrupt was not liable for it, no attorney having been found necessary prior to bankruptcy, and that it was not, therefore, provable against his estate.

Cases of this character depend on the terms of the stipulation, as well as what has been done under it, and care must be taken to note this in examining the decisions. Thus in Re Roche, 4 Am. Bankr. Rep. 369, 101 Fed. 956, 42 C. C. A. 115, it was provided in the deed of trust there given: "Or should it become necessary to foreclose this deed * * * by suit or proceedings in court, then the first party will pay as attorney fees ten per centum on the amount of the indebtedness secured hereby." There was no foreclosure, and it was held that a sale made by the trustee was not an equivalent, and that no attorney fees could therefore be claimed. So in Re Carlington, 8 Am. Bankr. Rep. 601, 115 Fed. 999, it was agreed that, if the note was placed in the hands of an attorney for collection, 10 per cent. additional was to be paid as attorney's fee. But, the debt not having matured until after bankruptcy, and so not being capable of being put in the hands of an attorney for enforcement before that time, the fee was disallowed. There was a similar result in the Case of Keeton, Stell & Co., 11 Am. Bankr. Rep. 367, 126 Fed. 426, the stipulation there being for "10 per cent. for collection fees, if suit is brought on this note, or if it is placed in the hands of an attorney for collection, or if collected through the probate court"; neither of the contingencies so provided for having come about. See, also, a case against the same company. 11 Am. Bankr. Rep. 370, 126 Fed. 429. On the other hand, in Merchants' Bank v. Thomas, 10 Am. Bankr. Rep. 299, 121 Fed. 306, 57 C. C. A. 374, where the fee was sustained, the notes had been placed in the hands of an attorney and he had made an effort to collect them prior to bankruptcy, so that the case was brought squarely within the terms of the stipulation.

The present case, in my judgment, is ruled by Imler v. Imler, 94 Pa. 372. The provision there was for 5 per cent. collection fees, if not paid at maturity, exactly the same as in the original note here and substantially the same as in the amicable revival, and it was said:

"The obvious intention in this and like stipulations in instruments for the payment of money is that the creditor shall be indemnified for his reasonable expense of counsel fees in collecting the money. That is to say, where it becomes necessary to employ counsel to collect the money, the debtor shall be subjected to the expense thereof not exceeding the agreed limit."

And, again:

"The contract is one of indemnity, and, if the defendant by his neglect or refusal to pay, has subjected his creditor to the necessity of employing counsel, why should he not pay? The attorney deducts his commission even where no execution or other legal process is issued, and, if the defendant cannot be made to pay, the creditor has no indemnity and the clause means nothing."

This is expressive of the local law and is controlling here. According to it, if the present claimant, instead of acting in his own behalf, had engaged an attorney to enter up judgment for him or to secure the amicable revival which was obtained, these being steps looking toward the enforcement of the obligation by legal means prior to bankruptcy, a collection fee such as is bargained for would no doubt have been due. But, instead of that, relying on his own knowledge of the law, both matters were taken care of by himself, which is by no means an equivalent. No legal expenses were thereby incurred, and being out nothing but his own services there was nothing as to which he needed to be made whole. Prior to the intervention of bankruptcy there was nothing therefore due beyond the debt and interest, and to that the claim must be limited. That afterwards an attorney was called in, who presented it for allowance before the referee, cannot change this. The obligations of the bankrupt were then fixed, and his estate could not be charged by that which subsequently occurred. The case differs in this respect from an assignment for the benefit of creditors, and Hogan's Estate, 181 Pa. 500, 519, 37 Atl. 548, where an allowance for an attorney's commission in appearing and prosecuting claims before an auditor, appointed to distribute the estate, was sustained, does not therefore apply.

The action of the referee, in disallowing the collection fee of 5 per cent. claimed, is affirmed.