## In re PEERLESS WEAVING & THROWING CO.

(District Court, M. D. Pennsylvania. August 21, 1919.)

### No. 3764.

1. MORTGAGES ⬥125—ATTORNEY'S FEE.
    Under a bond and mortgage providing that an attorney's fee should be payable upon writ of fieri facias being issued, allowance of fees is not dependent upon the actual collection of the mortgage debt.

2. MORTGAGES ⬥98—WHAT LAW GOVERNS.
    A mortgage provision regarding payment of attorney's fees is governed by state law.

3. MORTGAGES ⬥581(1)—ATTORNEY'S FEE.
    Stipulated attorney's fees must be included in the mortgage judgment and not collected as costs, since fees belong to creditor and not the attorney.

4. MORTGAGES ⬥581(5)—ATTORNEY'S FEES.
    A stipulated attorney's fee of 5 per cent., payable upon issuance of writ of fieri facias upon a $10,000 mortgage, *held* reasonable to the extent of $300.

In Bankruptcy. In the matter of the Peerless Weaving & Throwing Company, bankrupt. On exception to referee's first and partial report of audit. Exceptions sustained, and referee instructed to make distribution accordingly.

A. L. Williams, of Wilkes-Barre, Pa., for exceptions.
Andrew Hourigan, of Wilkes-Barre, Pa., for trustee.

WITMER, District Judge. The referee's certificate fails to bring before the court the necessary facts for an intelligent disposition of the matter presented. Whether the attorney's commissions and costs rejected by the referee followed the mortgage debt in a disposition of the fund realized depends upon the contract between the parties and the facts pertaining to the collection, or attempted collection, of it. The attorneys for the trustee and the mortgagee have agreed upon a statement of such facts, and from it it appears that the Peerless Weaving & Throwing Company, bankrupt, executed and delivered October 15, 1917, to the Luzerne County National Bank a mortgage upon its corporate property in the borough of West Wyoming, Luzerne county, Pa., conditioned for the payment of $10,000. It was provided that, in default of the payment of installments and interest when due, or for failure to maintain a certain amount of fire insurance upon the premises for the benefit of the mortgagee, at its option the whole debt owing, with interest, might be collected, together with an attorney's commission of 5 per centum.

At the expiration of a year from date, the mortgagee having failed to meet certain installments due, the bank exercised its option, and declared the whole mortgage due and payable forthwith, and placed it in the hands of an attorney for collection. On February 11, 1919, the mortgagor having failed to pay the mortgagee, and having further defaulted, in its neglect to keep the premises insured, the attorney caus-

ed a writ of scire facias sur mortgage to issue, whereof service was made by the sheriff. At the same time the bond accompanying the mortgage was entered, and a fieri facias was also procured, whereon the sheriff made levy on defendant's personal property, which was advertised to be sold February 20, 1919. Meantime, February 18th, certain creditors of the Peerless Company filed a petition to declare the company bankrupt. A restraining order was obtained, whereby all proceedings on the writs in the sheriff's hands were stayed, and subsequently the bankrupt's property was sold by the trustee.

[1] In the referee's first and partial report of audit the court costs, including an attorney's commission of 5 per cent. for collection, such costs aggregating $510.80, were disallowed upon the theory that allowance of such fees was dependent on the actual collection of the principal in the mortgage by writ of scire facias.

This is error. The bond and mortgage provide that if, by reason of any default specified, a writ of fieri facias is properly issued upon the judgment obtained on the bond, by warrant of attorney or otherwise, or a writ of scire facias is properly issued upon the mortgage, an attorney's commission for collection, viz. 5 per cent., shall be payable, and shall be recovered in addition to all principal, interest, premium of insurance paid, besides costs of suit, etc.

[2-4] Affecting this contract between the parties the laws of the state must govern. Bendey v. Townsend, 109 U. S. 665, 3 Sup. Ct. 482, 27 L. Ed. 1065. And here it has been held that stipulations of like tenor in instruments for the payment of money are to be regarded as giving the agreement for commissions the character of a penalty, or of a stipulation that damages shall not exceed a certain amount. In Johnston v. Speer, 92 Pa. 227, 37 Am. Rep. 675, the court, Mr. Justice Gordon, in delivering the opinion, said: "If we adopt this rule, then a stipulation to pay attorney's commissions would be equivalent to a contract to pay damages—reasonable damages, or such damages as a court, at its discretion, might fix;" and what constitutes such reasonable damages or compensation depends partly on the amount involved, and largely on the services rendered, not exceeding, however, the stipulated rate. Daly v. Maitland, 88 Pa. 384, 32 Am. Rep. 457. The amount collected does not belong to the attorney, but to the creditor. It cannot be collected as costs, but must be included in the judgment. Mahoning County Bank's Appeal, 32 Pa. 158; McAllister's Appeal, 59 Pa. 204; Faulkner v. Wilson, 3 Wkly. Notes Cas. (Pa.) 339; Schmidt & Friday's Appeal, 82 Pa. 524. Whether the money is actually collected by the process agreed upon between the parties is not to be taken as the basis in liquidating the damages; the obvious intention, as appearing from the stipulation, being that the creditor should be indemnified for his reasonable expense of counsel fees in collecting the money, if the services of counsel become necessary to enforce collection. Clearly the plaintiff is entitled to recover, in addition to his principal, interest, and costs, the necessary expense incurred in the employment of counsel. In Imler v. Imler, 94 Pa. 372, it was held that the arbitrary charge of 5 per cent. in all cases could not be sustained; and as there indicated, where the amount is

large and the services rendered comparatively inconsiderable or ordinary, a more modest fee may be regarded as adequate compensation. The court in the exercise of its discretion, on due consideration, is of the opinion that the sum of $300 will reasonably compensate plaintiff's attorney for his services rendered, and therefore directs that this amount be allowed plaintiff in addition to principal, interest, premium paid, and the costs of suit incurred in attempting to enforce collection of the mortgage.

The plaintiff's exceptions are sustained, and the referee is instructed to make distribution accordingly.