### GILL v. SMITH.

Circuit Court of Appeals, Sixth Circuit.
March 18, 1929.

No. 5100.

John T. Thornton, of San Francisco, Cal. (Hightower, O'Brien & Porter, of Cincinnati, Ohio, on the brief), for plaintiff in error.

Malcolm McAvoy, of Cincinnati, Ohio, for defendant in error.

Before MOORMAN, MACK, and HICKS, Circuit Judges.

HICKS, Circuit Judge. Plaintiff in error, herein called plaintiff, sued defendant in error, Norma H. Smith, administratrix of the estate of Luke W. Smith, herein called defendant, for $3,469.62 and interest, which he insists he paid in part satisfaction of a judgment against him in favor of one Heffner upon a certain promissory note executed by Luke W. Smith on December 19, 1919, and which plaintiff insists was negotiated by Smith, and on which he insists he was accommodation indorser. Defendant denied that Luke W. Smith ever intentionally negotiated, transferred, or delivered said note to Heffner, or any other holder for value in due course, and further denied that plaintiff was ever an accommodation indorser on the note or that plaintiff ever paid Heffner. At the close of plaintiff's evidence the court directed a verdict for defendant, to which plaintiff excepted, brought writ of error, and assigned errors.

The note in question was for $5,791.50, due in one year, and was executed by Smith and made payable to himself, and successively indorsed by Smith and plaintiff, Gill. It came in due course into the hands of Heffner as the owner and holder. Heffner recovered a judgment thereon against Gill, which upon appeal was affirmed in the Court of Appeals for Franklin county, Ohio. As a basis for this suit Gill insists that Heffner realized the sum of $3,469.62 out of his (Gill's) property as a result of certain garnishment proceedings, and that he therefore, as accommodation indorser, is entitled to be reimbursed out of the estate of Smith, the maker of the note. Smith was a witness in the case of Heffner v. Gill, and his testimony was preserved in the bill of exceptions in that case. Smith died in July, 1924. On the trial of the present case, the plaintiff, Gill, introduced as evidence in his behalf all of the testimony of Smith as preserved in the bill of exceptions in Heffner v. Gill.

Smith testified in substance as follows: That he was a merchant in Cincinnati; that Gill was a traveling salesman, whom he had known for some years; that Gill was interested in some California lands, the sale of which was being promoted by a concern at Chicago, called the Goodland Company; that this company was represented in Cleveland, Ohio, by Brainerd Bros., who were in turn represented at Cincinnati by two salesmen, to wit, Callahan and Martin; that Gill brought him into contact with Callahan; that, as a result of negotiations between the three, Smith executed a note similar to the one above set out, except that it was dated December 6th, instead of December 19th; that at the same time, on December 6th, Smith and Callahan, for the Goodland Company entered into an agreement in the nature of an application by Smith to the Goodland Company to purchase certain lands in California for $11,583, one-half of which was to be paid for by this note and the balance in deferred payments, conditioned, however, upon Smith visiting, examining, and accepting the lands; that this note and contract was delivered to Gill, and upon condition that he keep the note and contract in his possession until he (Smith) had examined the land and had so notified him. If he did not accept the land, Gill was to return the note and contract to him, and, if he did accept it, then Gill was to deliver the note and contract to the Goodland Company.

Smith further testified that it was agreed that Gill and Smith should go to California together, Gill's purpose being to examine

lands which he proposed to buy upon his own account; that they found it inconvenient to go together; that Gill made the trip, and recommended to Smith that he accept the land; that he (Smith) had Gill to return to him the note dated December 6th, and that they substituted therefor the note in suit, dated December 19th, to save the accrued interest; that this note was again returned to Gill, with the understanding and agreement that Gill was to keep the note in his possession until Smith had gone to California and examined the land, and gave him word that he had accepted it.

Smith further testified: "When I handed him the note I admonished him to remember that agreement and to be very careful not to let go of it, because I didn't want the note to get out, and he stuck it in his pocket and said, 'it will remain right there until I get word from you to let it go;' " that, notwithstanding Gill's promise to keep the note in his possession, he (Smith) learned that Gill had indorsed the note, and had delivered it and the contract to Callahan or Martin, or both, who in turn had delivered them to Brainerd Bros., at Cleveland; that he (Smith) insisted that Gill recover the note and contract from Brainerd Bros., which Gill promised to undertake to do, but that Gill assured him that in any event Brainerd Bros. would abide by the agreement to hold the note and contract until Smith had examined and accepted the land; that he went to California at the expense of Brainerd Bros., according to the original agreement, inspected the land, and declined to accept it, and on his return so notified Brainerd Bros. and Gill, but was advised that Brainerd Bros. had negotiated the note to Heffner in due course.

This testimony of Smith, the material portions of which were more than once repeated, stands undenied, and upon such a record a directed verdict for the defendant was altogether proper. Although there was a delivery of this note as between Smith and Heffner, the holder in due course, yet it is clear that there was no such delivery thereof as between Smith and Gill. The matter is controlled by section 16 of the Negotiable Instruments Act (General Code Ohio, § 8121), and the testimony conclusively shows that, as between Smith and Gill, "immediate parties" (Nat. Inv. Co. v. Corey, 222 Mass. 453, 111 N. E. 357), there was never any delivery of the note to Gill, within the meaning of said section 16. The note was not delivered to Gill for the purpose of giving effect to it as a negotiable instrument. Gill parted with no consideration for it. He simply agreed not to deliver the note and contract until Smith notified him he had accepted the land, which agreement he violated.

■ Considering the case from another angle, plaintiff could only recover upon proof that he had been obliged as accommodation indorser or surety to pay the note, or at least that portion thereof sued for. Bendey v. Townsend, 109 U. S. 665, 3 S. Ct. 482, 27 L. Ed. 1065. Upon this point the record is clear. Gill did not pay Heffner the $3,469.62 which he claims to have paid as accommodation indorser. Upon both propositions above considered, the evidence is of such character as to require a directed verdict. Small Co. v. Lamborn & Co., 267 U. S. 248, 254, 45 S. Ct. 300, 69 L. Ed. 597.

■ Error is assigned upon the action of the court in excluding the court record of a certain case styled "Nolan v. Alice Gill, Harvey S. Heffner Impleaded," upon the ground that this record, if admitted in evidence, would have shown payment by plaintiff to Heffner of $3,469.62 in part satisfaction of Heffner's judgment. This court record is made a part of the bill of exceptions, and discloses that Alice Gill, a sister of plaintiff, was indebted to him,/as evidenced by certain notes; that Gill's judgment creditor, Heffner, claimed the proceeds thereof by garnishment; that the notes themselves had been assigned by Gill to Nolan; that Alice Gill brought interpleader as between Nolan and Heffner, and paid the amount due upon the notes into court; and that finally, by order of court, the fund was divided between Nolan and Heffner, whereby Heffner received from it the sum of $3,469.62; but there is nothing in this record indicating that plaintiff is entitled to the benefit of this payment, because nothing indicates that it was paid out of any fund in which he had an interest. On the contrary, this court record tends to show that the plaintiff had assigned the Alice Gill notes to Nolan, even before Heffner recovered judgment. Plaintiff was not a party to the Nolan suit. There was, therefore, no error in excluding this record.

■ Error is also assigned upon the refusal of the court to permit plaintiff to answer the following question, to wit: "Q. Did you pay the judgment, a part of the judgment, amounting to $3,469.62, Mr. Gill?" This was not error. Plaintiff did not claim to have paid the money directly. His insistence was that the receipt of this amount of $3,469.62 by Heffner in the manner above indicated operated as a payment by him, but whether it was or not was a matter to be determined by the court, and not by the plaintiff.

Other assignments of error are immaterial, and therefore overruled.

The result is the judgment of the lower court is affirmed.